■ In the Matter of Ronald Siletti, Appellant, v Alphonse E. D'Ambrose, as Personnel Director and Chairman, Department of Personnel and Civil Service Commission of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered on June 23, 1976, affirmed, without costs and without disbursements, on the opinion of Baer, J., at Special Term. Concur—Murphy, J. P., Lane and Lynch, JJ.; Birns and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J.: Petitioner served as a patrolman for the transit authority from June, 1965. On November 2, 1970 he was retired for ordinary disability. Thereafter, in January, 1976, on his application to be restored to duty, he was examined by the medical board, found fit and, pursuant to section B3-41.0 of the Administrative Code of the City of New York, was certified and placed on the preferred eligible list as the sole name on that list. Previous thereto a number of former transit authority patrolmen had been laid off for economy reasons and a preferred eligible list had been established by the personnel department, pursuant to section 81 of the Civil Service Law and their names were placed on that list. Petitioner asked that his name be placed first on the preferred list and, when this was declined, he brought this CPLR article 78 proceeding which resulted in a denial of his application by Special Term. The denial was based on the fact that the petitioner, not being a laid-off patrolman, did not fit in the category provided in subdivision 1 of section 81 of the Civil Service Law. This consisted solely of those patrolmen who had lost their positions for economy reasons. Four eligibles were certified and appointed from the economy list without considering petitioner at all. It is thus clear that the Department of Personnel will not appoint petitioner until the eligible list of laid-off patrolmen has been exhausted. The case of *Matter of Stewart v O'Dwyer* (271 App Div 485) dealt with a similar problem as presented in this case. Petitioner, in that case, an employee who had been retired for ordinary physical disability, contended for certain rights which he believed were due him under section 31-b of the Civil Service Law. His petition was denied for the reason that the section relied upon applied only to employees separated by reason of abolition of positions and not because of physical disability. This court rejected this

contention and, at pages 489–490 of the opinion, said: "We think this is too narrow a construction to give to section 31-b. It is to be noted that the language used in the section is broad enough to apply to any employee reinstated from a preferred list to the same or a similar position * * * There would appear to be no sufficient reason for the assumption that the Legislature intended to discriminate in this regard between those separated from service by reason of abolition of their positions and those separated because of ordinary disability. Both events are equally fortuitous." Obviously, this language is particularly applicable to the case at bar, and, applying that reasoning, it should follow that the petitioner is correct in his contention. Accordingly, I dissent from the conclusion of the majority and would reverse the judgment appealed from and grant the petition.